UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ORVILLE OWENS | : |
| v. | : NO. 3:99CR290(EBB) |
| UNITED STATES OF AMERICA | : |

RULING ON MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE

Petitioner was sentenced by this court on January 23, 2001, following his guilty plea to four counts of a superseding indictment charging him with Affecting Commerce by Robbery and Violence (18 U.S.C. §§ 1951 and 2), Conspiracy to Affect Commerce by Robbery and Violence (18 U.S.C. § 1951), Possession of Marijuana with Intent to Distribute (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2) and Conspiracy to Distribute Marijuana (21 U.S.C. § 46). Petitioner appealed his conviction and on May 29, 2003, the Second Circuit Court of Appeals affirmed this court's judgment.[1]

In the pending motion petitioner claims his Sixth Amendment right to effective assistance of counsel was violated as follows: His counsel (1) "failed to adequately prepare a competent guilty plea in this matter;" (2) "failed to adequately conduct a proper investigation in this matter", and (3) "failed to adequately prepare for sentencing." By amendment to this motion [Doc. No. 145] petitioner also claims the indictment in this case is fatally flawed because

---

[1] Petitioner has been convicted subsequently in the Eastern District of California of two counts of Possession of Contraband (a weapon) in federal prison for which he received an effective sentence of 96 months consecutive to the 50-year sentence imposed by this court.

witnesses in the grand jury committed perjury by identifying him as Orville Owens whereas, he claims, his true name is Alpheous Emanuel Gordon, a/k/a Orville Owen.[2]

Petitioner alleges his counsel did not prepare a competent guilty plea in that he did not seek a psychiatric examination to determine petitioner's competence to enter such a plea. He acknowledges the court ordered a psychiatric examination prior to his sentencing but complains that the examination took place in a state correctional facility where he was then held instead of ordering it take place at a "professional facility such as Springfiled [sic] medical hospital." Petitioner makes no claim that he was, in fact, incompetent and the court-ordered psychiatric examination findings were that he suffered from depression and a sociopathic personality, neither of which diagnoses separately or in combination suggest incompetence.

Petitioner also alleges his counsel was ineffective in not conducting a proper investigation into his background because he was convicted and sentenced under the alias of Orville Owens whereas, he alleges, his true name is Alpheous Emanuel Gordon aka Orville Owen.

In contrast to his present claim, petitioner, under oath to tell the truth, testified at the hearing on his motion to suppress, in response to the clerk's request that he state his true name and spell his last name for the record, that his name was "Orville Owens, Owens". Transcript of hearing on August 30, 2000, p. 136. Irrespective of the names he used at the time of the offenses for which he was indicted and convicted in this court, he has made no claim that he is an innocent man, wrongly convicted.

Petitioner also alleges his counsel was ineffective in his preparation for sentencing by

---

[2]In a motion to amend [Doc. No. 144] petitioner has included 27 pages of his criminal history records from Connecticut, New York and the Federal Bureau of Investigation which reveal that he has been arrested and prosecuted under more than 12 names, including Orville Owens, Orville Owen and Alpheous Gordon.

failing to speak to his client about his background, seeking out character witnesses, such as family[3] and friends or requesting a proper psychiatric examination. Other than the issue previously addressed as to his "true" name, petitioner does not identify any specifics about his background not detailed in his presentence report which would be significant to his sentencing nor has he identified any specific character witnesses whom counsel should have produced. Given the horrific nature of the events surrounding the offense for which he was prosecuted in this court, i.e. the brutal murder of the woman in possession of the marijuana which he and his codefendant stole, it is highly unlikely that testimony by any character witness, if found, would have had any effect on the court's sentencing decision. Lastly, the court at sentencing had the benefit of the previously referenced psychiatric report.

To prevail on an ineffective assistance of counsel claim, petitioner must show deficient performance by his attorney so serious that he "was not functioning as the 'counsel' guaranteed by the Sixth Amendment and, as a result, that the defense was prejudiced." Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must show that his counsel's representation fell below an objective standard of reasonableness under all the circumstances, id. at 688, and in this regard the court's scrutiny of counsel's performance must be highly deferential. Id. at 689.

This motion fails under both prongs of the Strickland requirements. There is no merit to any of petitioner's ineffectiveness claims nor to his claim that the indictment under which he was prosecuted is invalid nor has he demonstrated prejudice.

Accordingly, the motion [Doc. No. 130] is denied. A certificate of appealability will not

---

[3] Petitioner's mother was 81 years old at the time of his sentencing and lived in Jamaica. Petitioner is quoted in his presentence report as stating his siblings do not like him and are selfish. The mothers of eleven of his children reside in Canada and England and he did not recall the names of the mothers of his other four children.

issue, petitioner having failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

/s/_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this 1st day of February, 2008.